UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

APRIL G. BERRY,

        Plaintiff,

v.                                      ACTION NO. 4:14cv152

SEAWORLD PARKS & ENTERTAINMENT LLC
d/b/a Busch Gardens Williamsburg, and

JOHN DOE EMPLOYEE,

        Defendants.

**OPINION & ORDER**

This matter is before the Court on Plaintiff's motion to remand this premises liability and negligence case to state court. ECF No. 5. No party requested oral argument, and following a review of the filings, the Court finds oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). Therefore, the motion is ripe for review. For the reasons stated herein, the Plaintiff's motion to remand is DENIED.

**I. Factual and Procedural History**

On or about October 26, 2012, Plaintiff was visiting Busch Gardens Williamsburg during their Howl-O-Scream event. Compl. ¶¶ 6-9. Plaintiff and her companion were entering the Fear Fair Maze in the Fiesta Italia section of Busch Gardens Williamsburg at approximately 7:00 p.m. Compl. ¶¶ 6, 8. "[A]s the Plaintiff and her companion were approaching the second tent entrance in the dark and smoke, Plaintiff fell off an unprotected and invisible drop off on the right side of the walkway right next to Defendant John Doe's monitoring position." Compl. ¶ 9. "John Doe was

inattentive and failed to warn, guide, prevent, or in any way keep Plaintiff Berry and two other invitees from falling over that edge." Compl. ¶ 10. As a result of the fall, Plaintiff sustained injuries. Compl. ¶ 14.

Plaintiff brought suit against Defendant SeaWorld Parks and Entertainment LLC ("SeaWorld") and John Doe Employee in the Circuit Court for the County of James City on or about October 22, 2014, and served Defendant SeaWorld on October 23, 2014. Notice of Removal 1-2, ECF No. 1; Summons ECF No. 1-1. SeaWorld filed an Answer in circuit court on November 12, 2014. Answer, ECF No. 1-2. On November 17, 2014, SeaWorld timely filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 1. Plaintiff filed an objection to the removal and motion to remand, and SeaWorld filed an opposition. ECF Nos. 5, 6.

## II.  Standard of Review

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). District courts must construe the removal statute strictly against removal because removing a case from state court implicates "significant federalism concerns." *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)).

SeaWorld asserts this Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction exists if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C.

§ 1332. Courts have interpreted 28 U.S.C. § 1332 to require complete diversity, thus "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Where removal is based on diversity jurisdiction, Section 1441 provides "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

### III. Motion to Remand

Defendant SeaWorld removed the case, asserting the Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. Notice of Removal. In support of removal, Defendant argues that John Doe Employee is ignored for purposes of removal, and that he was fraudulently joined because the Complaint fails to allege any affirmative acts of negligence by John Doe that could render him individually liable to Plaintiff. Notice of Removal 2-3.

The Court does have diversity jurisdiction over this matter. Plaintiff, a resident of the County of Henrico, Virginia, is seeking damages in the amount of $500,000 plus costs and interest. Compl., ECF No. 1-1. According to the Notice of Removal, SeaWorld Parks & Entertainment LLC is a limited liability company organized under Delaware law, with its principal place of business in Orlando, Florida. Notice of Removal ¶ 7. Further, SeaWorld Parks & Entertainment Inc., the sole member of SeaWorld Parks & Entertainment LLC, is a Delaware corporation with its principal place of business in Orlando, Florida. Notice of Removal ¶ 8. Plaintiff does not dispute that Defendant SeaWorld is an out of state corporation. Pl.'s Mot. to Remand 1. John Doe Employee is sued under a fictitious name, and his citizenship is disregarded at this stage of the proceedings. 28 U.S.C. 1441(b)(1).

Plaintiff argues the case should be remanded to state court because John Doe's identity is known to SeaWorld and easily discovered, and because there was no fraudulent joinder. Pl.'s Mot. to Remand 2. According to Plaintiff, John Doe is an employee of Busch Gardens who was observed before, during, and after the fall by two eyewitnesses, who called for medical assistance following the fall, and who remained until Plaintiff was transported. *Id.* Although Plaintiff asserts John Doe's identity is readily discoverable, she has not amended her Complaint, or supplemented her pleadings with any discovery that would support this assertion or indicate that John Doe is a resident of Virginia. Accordingly, this Court has jurisdiction over this matter based on diversity of citizenship and Plaintiff's motion to remand is DENIED.

SeaWorld further argues that even if John Doe is a resident of Virginia, he was fraudulently joined in an effort to defeat diversity jurisdiction because the Complaint does not allege any affirmative acts of negligence by John Doe. Notice of Removal 2-3. SeaWorld, the removing party, bears the burden of proving fraudulent joinder. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *Beaudoin v. Sites,* 886 F. Supp. 1300, 1302 (E.D. Va. 1995). SeaWorld must prove either that there is "no possibility" Plaintiff could establish a cause of action against John Doe in state court or that "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall*, 6 F.3d at 232 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). SeaWorld, in relying on the first of these options, bears the heavy burden of showing Plaintiff cannot establish a claim against John Doe "even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232-33. When deciding the issue of fraudulent joinder, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *Beaudoin*,

886 F. Supp. at 1302 (citing *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). "[T]he defendants may submit affidavits and deposition transcripts; and . . . the plaintiff may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint." *Beaudoin*, 886 F. Supp. at 1302 (citing *B., Inc.*, 663 F.2d at 549).

The question becomes whether Plaintiff can establish a negligence claim against John Doe. "Under Virginia law, an employee of the owner or operator of the premises in an action based on standard premises liability theories may be held liable only for affirmative acts of negligence, not merely because, in the status of employee of the owner or operator, he or she is guilty of an omission." *Beaudoin*, 886 F. Supp. at 1303 (citing *Miller v. Quarles*, 410 S.E.2d 639, 641 (Va. 1991)); *see also Harris v. Morrison, Inc.*, 32 Va. Cir. 298, 298-99 (1993) ("An employee may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly), but not for his own nonfeasance (i.e., omission to do some act which ought to be performed)."). With respect to John Doe, the Complaint provides:

(1) He was an agent and servant of SeaWorld "charged with the duty of monitoring the entrance to the Fear Fair Maze in the Fiesta Italia section of Busch Gardens Williamsburg during its Howl-O-Scream event for safety, security, orderly entry, and to preclude invitees from the known hazard." Compl. ¶ 8.

(2) "Plaintiff fell off an unprotected and invisible drop off on the right side of the walkway right next to Defendant John Doe's monitoring position." Compl. ¶ 9.

(3) "John Doe was inattentive and failed to warn, guide, prevent, or in any way keep Plaintiff Berry and two other invitees from falling over that edge. John Doe[] clearly

5

knew his purpose and actively chose to disregard his duty and allow Plaintiff and two others into a known hazard."  Compl. ¶ 10.

(4) In conjunction with SeaWorld, John Doe "knew or should have known that the vertical walkway edges on the walkways in the area the invitees passed and would be forced to walk along queue for the mazes in the dark, with smoke machines further obscuring visions, were extremely hazardous and they negligently failed to rope them off, place warning signs, or have employees warn of dangerous spots."  Compl. ¶ 12.

The Complaint, the only record before the Court, does not allege John Doe performed an affirmative act of negligence.  SeaWorld's argument of fraudulent joinder may apply to this Complaint should discovery reveal John Doe is a Virginia resident.  At this stage of the litigation, however, there should be discovery with which to supplement the record.  Accordingly, the Court will defer ruling on fraudulent joinder as a ruling is not necessary to resolve Plaintiff's motion to remand.

The Clerk shall mail a copy of this Order to all counsel of record.

                                        /s/
                                  Tommy E. Miller
                             United States Magistrate Judge

Norfolk, Virginia
March 11, 2015